UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHNNY GUNTER,

> *Plaintiff,*

– against –

STATE OF NEW YORK; NEW YORK
STATE DIVISION OF CRIMINAL
JUSTICE SERVICES; JOHN DOES 1-10,
in their official capacity,

> *Defendants.*

---

**MEMORANDUM & ORDER**
25-cv-04964 (NCM) (SDE)

**NATASHA C. MERLE**, United States District Judge:

Pro se plaintiff Johnny Gunter brings this action under 42 U.S.C. § 1983 ("Section 1983") alleging the State of New York, the New York State Division of Criminal Justice Services, and John Does 1–10 in their official capacities (collectively "defendants") violated the Ex Post Facto Clause, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment. *See* Complaint ("Compl.") 9–14, ECF No. 1.[1] The Court grants plaintiff's application to proceed in forma pauperis ("IFP"). *See* Mot. for Leave to Proceed IFP ("IFP Mot."), ECF No. 7. For the reasons discussed below, the complaint is **DISMISSED** without prejudice, and the Court grants plaintiff leave to file an amended complaint within thirty (30) days.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

## BACKGROUND

### I.    Factual Background

On November 1, 1991, plaintiff pled guilty to one count of criminal sexual act under N.Y. Penal Law § 130.50(1) in Kings County Supreme Court, New York when he was 17 years old. Plaintiff's Letter ("Pl. Ltr."), Ex. 3 ("Certificate of Disposition"), ECF No. 8 at 5; N.Y. Penal Law. § 130.50(1) (repealed 2024). On November 20, 1991, plaintiff was sentenced. Compl. 4; *see* Certificate of Disposition. At the time of his sentencing, New York's Sex Offender Registration Act ("SORA" or "Megan's Law") had not yet been enacted.[2] At some time after the terms of his sentence were determined, plaintiff alleges he was required to register as a sex offender under Megan's Law. Compl. 4.

### II.    Procedural Background[3]

On September 3, 2025, plaintiff filed the instant suit arguing that the retroactive application of SORA violates the Ex Post Facto Clause, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment's prohibition against cruel and unusual punishment under the U.S. Constitution. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. Upon filing the instant action, plaintiff failed to

---

[2]    SORA, New York's version of Megan's Law, was signed by former Governor George E. Pataki on July 25, 1995 and became effective on January 21, 1996. Sex Offender Registration Act, 1995 N.Y. Sess. Laws Ch. 192 (McKinney); *see About the N.Y.S. Sex Offender Registry and the Sex Offender Registration Act (SORA)*, N.Y. Div. of Crim. Just. Services, https://perma.cc/T6VT-X6XV. The text of the statute is contained in Article 6-C of the New York Correction Law, N.Y. Corr. Law §§ 168–168-w (McKinney).

[3]    Plaintiff also brought a Motion to Alter Judgment of Conviction, ECF No. 5, and an Amended Motion to Alter Judgment of Conviction, ECF No. 9, to his claims under 42 U.S.C. § 1983. For the avoidance of doubt, the Motion and Amended Motion to Alter Judgment of Conviction is denied for the reasons discussed herein.

pay the filing fee or seek leave to proceed IFP. Plaintiff believed he submitted the filing fee. Pl. Ltr. 1, ECF No. 4. On October 30, 2025, the Court extended the deadline for plaintiff to either pay the filing fee for this action or submit an application to proceed IFP. On November 13, 2025, plaintiff timely filed his application to proceed IFP.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[4] While all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Prison Litigation Reform Act (the "PLRA") allows federal courts to authorize suits without the payment of filing fees if a party seeks leave to proceed IFP. 28 U.S.C. § 1915(a). The PLRA also requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents. 28 U.S.C. § 1915A(a). Under the PLRA, the Court must dismiss a complaint, or any portion of a complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary damages from a defendant who is immune from such relief." *Id.* § 1915A(b). This screening requirement also applies to IFP filings. 28 U.S.C. § 1915(e)(2).

---

[4]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Pursuant to Section 1915A, the Court next screens the complaint of an unrepresented plaintiff "[t]o determine whether any colorable claims were made." *McFadden v.* Noeth, 827 F. App'x 20, 26 (2d Cir. 2020); *see also Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("At the same time, a pro se complaint must allege enough facts to state a claim to relief that is plausible on its face." (quoting *Twombly*, 550 U.S. at 570)). Furthermore, it is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the pro se plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

### I.    Sovereign Immunity

Plaintiff brings Section 1983 claims against the State of New York, New York State Division of Criminal Justice Services—a New York agency—and, John Does 1–10, unknown agents of New York state in their official capacity. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Plaintiff's complaint must be dismissed because the named defendants are New York State and arms of the state. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

Plaintiff's complaint does not allege any plausible waiver of sovereign immunity by New York state with respect to this suit or that Section 1983 otherwise abrogated the state's immunity. Nor is there a plausible argument to support that this is the case. New York has not waived Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Rodriguez v. HASA HRA*, No. 24-cv-6451, 2025 WL 1122529, at *2 (S.D.N.Y. Apr. 14, 2025) (dismissing Section 1983 claims against the New York State Division of Criminal Justice Services as barred by the Eleventh Amendment); *cf. Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The Eleventh Amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal liability if he is sued in his individual or personal capacity.").

Accordingly, plaintiff's suit against the State of New York, its entity, and employees acting in their official capacity is barred by the Eleventh Amendment.[5]

**CONCLUSION**

Accordingly, the Complaint, filed in forma pauperis, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted until May 13, 2026 to file an amended complaint.

Any amended complaint that plaintiff elects to file will be reviewed for sufficiency. The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 25-cv-04964 (NCM) (SDE).

No summons shall issue at this time, and all further proceedings shall be stayed. If plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

For free, confidential, limited-scope legal assistance, plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

---

[5]    Further, plaintiff seeks to correct the caption of his complaint to state "in and out of their official capacities" instead of "in their official capacities." ECF No. 9 at 1. Assuming plaintiff seeks to file suit against John Does 1–10 in their individual capacities as well as their official capacities, the complaint is devoid of allegations of personal involvement by any of the John Doe defendants with regard to their enforcement of New York's Megan's Law, which underlies plaintiff's Section 1983 suit. Thus, plaintiff's suit against John Does 1–10 in their individual capacities is dismissed without prejudice. *See Griffin v. New York State Bd. of Parole*, No. 15-cv-02440, 2015 WL 4662739, at *3 (E.D.N.Y. Aug. 6, 2015) (dismissing plaintiff's Section 1983 claims against defendants in their individual capacities); *compare id.* with *Walters v. Suffolk Cnty.*, No. 09-cv-00556, 2009 WL 1605415, at *3 (E.D.N.Y. June 4, 2009) (dismissing Section 1983 suit against John and Jane Doe defendants being sued in their official capacities on sovereign immunity grounds but finding plaintiff alleged sufficient facts to withstand dismissal of suit against John and Jane Doe defendants being sued in their individual capacities).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, along with a civil complaint form, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      April 13, 2026
            Brooklyn, New York