UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHNNY GUNTER,

*Plaintiff,*

– against –

DIRECTOR; KINGS COUNTY NEW
YORK; STATE OF NEW YORK; NEW
YORK STATE DIVISION OF CRIMINAL
JUSTICE SERVICES; JOHN and JANE
DOE 1-10, in and out of his/her official
capacities; et al,

*Defendants.*

**MEMORANDUM & ORDER**
25-cv-04964 (NCM) (SDE)

**NATASHA C. MERLE**, United States District Judge:

By Memorandum and Order dated April 13, 2026, the Court granted pro se plaintiff Johnny Gunter's request to proceed in forma pauperis and dismissed the complaint as barred by the Eleventh Amendment. *Gunter v. State of New York*, No. 25-cv-04964, 2026 WL 979724 (E.D.N.Y. Apr. 13, 2026). Plaintiff was granted leave to file an amended complaint to correct the deficiencies in his complaint. *Id.* at *3. Plaintiff timely filed his amended complaint alleging constitutional violations. *See generally* Am. Compl. ("AC"), ECF No. 11. For the reasons discussed below, the Court dismisses plaintiff's amended complaint without prejudice and grants plaintiff leave to file a second amended complaint within thirty (30) days.

## BACKGROUND

Plaintiff initiated this action on September 3, 2025 pursuant to 42 U.S.C. § 1983 against defendants the State of New York, the New York State Division of Criminal Justice

1

Services, and John Does 1-10 in their official capacities. Compl. at 1, ECF No. 1.[1] Plaintiff's suit alleges the deprivation of his rights under the Ex Post Facto Clause, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment's prohibition against cruel and unusual punishment. Compl. 9–14. Plaintiff sought monetary damages, as well as declaratory and injunctive relief. Compl. 15–16.

On April 7, 2026, plaintiff moved to correct the case caption to state defendants John Does 1-10 were being sued "in and out of their official capacities" instead of "in their official capacities." Mot. to Amend/Correct/Supplement Compl. at 1, ECF No. 9. However, plaintiff's correction did not clear the Eleventh Amendment's bar on suits against "states themselves," "state agents," and "state instrumentalities" that have not waived immunity. *Gunter*, 2026 WL 979724, at *2. Accordingly, the Court dismissed plaintiff's complaint without prejudice. *See id*. at *3.[2]

Plaintiff timely amended his complaint on April 28, 2026 and named as defendants: "Director; Kings County New York; State of New York; New York State Division of Criminal Justice Services; and John and Jane Doe 1-10, in and out of his/her official capacit[ies]." *See* AC 1. Plaintiff's amended complaint is filed under 42 U.S.C. § 1983 and alleges, among other things, that defendants failed to conduct a mandatory individualized risk assessment determination before subjecting him to a lifetime registration requirement on New York's sex offender registry. *See* AC 4–6. He also claims that defendants violated his rights under the Ex Post Facto Clause, the Due Process Clause of the Fifth and Fourteenth

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Plaintiff also brought a Motion to Alter Judgment of Conviction, ECF No. 5, and an Amended Motion to Alter Judgment of Conviction, ECF No. 9, both of which were denied.

Amendments, and the Eighth Amendment by retroactively applying New York's Sex Offender Registration Act to him, requiring that he remain registered for his lifetime, even though the Act did not exist at the time of his conviction. AC 4–6. Plaintiff seeks monetary, injunctive, and declaratory relief for violations of his constitutional rights and injuries stemming from a lifetime of public registration, including denial of housing and employment and severe reputational damage. *See* AC 32–34. Plaintiff also raises municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See* AC 2.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[3] It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read a pro se plaintiff's complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

**DISCUSSION**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

In his AC, plaintiff asserts claims under Section 1983 against the Director of Kings County State of New York, the State of New York, the New York State Division of Criminal Justice Services, and John and Jane Doe 1-10, in and out of his/her official capacities.

*First*, plaintiff's AC again names the State of New York and the New York State Division of Criminal Justice Services as defendants, and these claims must be dismissed. As discussed in the Court's first Order, plaintiff's claims against the State of New York and its entity, the New York State Division of Criminal Justice Services, are barred by the Eleventh Amendment. *See Gunter*, 2026 WL 979724, at *2–3. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). This is true regardless of the relief sought. *Casino v. StonyBrook Univ. Med. Ctr.*, No. 13-cv-06357, 2014 WL 317368, at *3 (E.D.N.Y. Jan. 27, 2014) ("Although the Eleventh Amendment generally does not bar suits against state

4

officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution, that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought."). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Obiagwu v. New York*, No. 25-cv-08510, 2025 WL 3041952, at *1 (S.D.N.Y. Oct. 31, 2025). Accordingly, the Court dismisses plaintiff's complaint against the State of New York and the New York State Division of Criminal Justice Services pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted based on the defendants' immunity under the Eleventh Amendment.

*Next*, plaintiff also names as defendants the Director of Kings County of New York and John and Jane Does 1-10. His claims against these defendants must also be dismissed. Pursuant to Federal Rule of Civil Procedure 8, pleadings must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). It is not enough to say that the defendant harmed the plaintiff; the claim must include factual details that, if they are true, would show that the defendant broke the law. *See Ashcroft*, 556 U.S. at 678. Further, plaintiff "ha[s] a duty to diligently litigate his claims against the Doe [d]efendants, including a specific duty to identify . . . them." *Burris v. Nassau Cnty. Dist. Att'y*, No. 14-cv-05540, 2024 WL 1345296, at *7 (E.D.N.Y. Mar. 30, 2024) (quoting *Boyd v. Doe #1*, No. 18-cv-01333, 2021 WL 7542409, at *25 (N.D.N.Y. Nov. 30, 2021)).

Here, plaintiff makes several general and conclusory allegations that his constitutional rights were violated by defendants John and Jane Does 1-10 and the

"Director of Kings County New York". However, these allegations do not plausibly allege the liability of these defendants. Specifically, plaintiff does not allege facts as to the involvement, if any, of John and Jane Does in issuing an individualized risk assessment determination, or what specific actions the John and Jane Doe defendants took that resulted in the violation of his rights. *See, e.g.*, *North v. Bd. of Exam'rs of Sex Offenders*, 8 N.Y.3d 745, 747 (2007); *People v. David W.*, 95 N.Y.2d 130, 134 (2000). Plaintiff also fails to plausibly allege facts to support that the "Director of Kings County New York" was involved in the alleged constitutional deprivation (or even what this position is such that a reasonable inference could be made as to this individual's involvement).

Accordingly, and in light of plaintiff's pro se status, plaintiff is granted leave to amend to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. He must identify individuals acting under color of law and describe the individuals' "personal involvement in the alleged constitutional deprivation[s]." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, even if plaintiff does not know the name of each individual, he may identify them anonymously, but must include a description of each individual and their specific conduct.

## CONCLUSION

For the reasons stated above, plaintiff's suit against the State of New York and the New York State Division of Criminal Justice Services is dismissed. The Clerk of Court is respectfully directed to terminate these defendants.

Plaintiff's suit against the remaining defendants is dismissed without prejudice. The Court grants plaintiff leave to file a second amended complaint within thirty (30) days of this Order. No summons shall issue at this time, and all further proceedings shall be stayed. If plaintiff fails to file an amended complaint, the case will be dismissed. The

second amended complaint will replace, not supplement, the original complaint, and must be captioned as "Second Amended Complaint" and include the same docket number as this Order: 25-cv-04964. The second amended complaint will be reviewed for sufficiency.

Plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or by writing to U.S. District Court Eastern District of New York, Brooklyn Courthouse, 225 Cadman Plaza East, Room 108N, Brooklyn, New York 11201 for free, confidential, limited-scope legal assistance.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, along with a civil complaint form, and note the mailing on the docket.

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:        June 1, 2026
              Brooklyn, New York